IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| RALPH EDWARD MOORE, <br> TDCJ-CID No. 01042302, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN FOLEY, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § 2:18-CV-154-Z-BR <br> § <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

This matter comes before the Court on Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants, filed August 21, 2018 (ECF No. 3) ("Complaint"). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED**.

### FACTUAL BACKGROUND

By his Complaint, Plaintiff alleges that on May 8, 2018, he was "sexually harassed and abused" by Defendants when the named Defendants allowed a female officer to strip-search the Plaintiff and take a video recording of the incident. *See* ECF No. 3, at 4. Plaintiff asks the Court to grant "compensatory relief" in the amount of $50,000 because a female prison guard held the camera while male guards performed a strip-search. *Id.*

LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

ANALYSIS

A prisoner inmate's right to privacy is "minimal, at best," when juxtaposed with the legitimate security needs of the institution. *See Oliver v. Scott*, 276 F.3d 736, 745 (5th Cir. 2002); *see also Elliott v. Lynn*, 38 F.3d 18, 190–91 (5th Cir. 1994). The Fifth Circuit has held that "[t]he presence of female prison guards for security reasons on those occasions when male prisoners are naked is not a constitutional violation." *Petty v. Johnson*, 193 F.3d 518, 1999 WL 707860, at *1 (5th Cir. 1999) (unpublished table op.) (citing *Letcher v. Turner*, 968 F.2d 508, 510 (5th Cir. 1992)). The Fifth Circuit has also consistently held that the practice of conducting strip searches in the presence of female officers is not unconstitutional. *See Oliver*, 276 F.3d at 747; *Elliott*, 38

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

F.3d at 190–92; *Letcher*, 968 F.2d at 510; *see also Johnson v. Rupert*, 647 Fed. Appx. 407, 408 (5th Cir. 2016) (per curiam); *Tasby v. Lynaugh*, 123 Fed. Appx. 614, 615 (5th Cir. 2005); *McKenzie v. Johnson*, 204 F.3d 1115, 1999 WL 1328074, at *1 (5th Cir. 1999) (unpublished table op.). Therefore, Plaintiff's claim that he was improperly subjected to strip searches while a female officer was present is frivolous.

Plaintiff also asserts that the video recording of inmates while naked is a violation of his constitutional rights. *See* ECF No. 3, at 4. In the First Amendment context, the Supreme Court in dicta has stated that though "inmates lose many rights when they are lawfully confined," they "retain certain fundamental rights of privacy; they are not like animals in a zoo to be filmed and photographed at will *by the public* or *by media reporters*." *Houchins v. KQED, Inc.*, 438 U.S. 1, 5 n.2 (1978) (emphasis added). The *Houchins* case, however, dealt with media rights of access to prisoners, rather than prisoner surveillance by jail officials. *Id.* at 5. In another context, the Court has declared that a prison inmate retains only those rights that are "not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974).

In a case involving photographs of prisoners taken by law enforcement agents, the Tenth Circuit has held that a prisoner's rights are "not violated unless (a) he had a legitimate expectation of privacy in the photos, and (b) his privacy interest outweighed the public need for their disclosure." *Slayton v. Willingham*, 726 F.2d 631, 635 (10th Cir. 1984). Despite the limited protection some courts have recognized for videotaped images of a prisoner, "speculative fear that ... privacy rights will be injured if [a] videotape is shown in the future ... is not a 'real and immediate' injury redressable by a federal court." *Scott v. Gier*, 1994 WL 283621 at *1 (9th Cir. 1994). The plaintiff must show that "the videotape would likely cause ... substantial and immediate

3

injury to a legally-protected interest." *Id.* at *2. Plaintiff has not alleged that any naked image of him captured by Defendants was used or distributed by Defendants or a third party.

## Conclusion

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is **ORDERED** that the Complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983 be **DISMISSED** with prejudice.

**SO ORDERED.**

June 14, 2021.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE